**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-01753-CMA-BNB

CATHERINE CREEL,

    Plaintiff,

v.

iUNIVERSE, INC., an Indiana corporation,
AMAZON.COM, INC., a Washington corporation,
BARNES & NOBLE, INC., a Delaware corporation,
BUYNOW, INC., a Delaware corporation,
LULU HOLDINGS, LLC, a North Carolina limited liability company,
ON-DEMAND PUBLISHING, LLC, d/b/a
   CREATESPACE, a Delaware limited liability company, and
TINO GEORGIOU, a/k/a K. G. Glaub, an individual,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT**

---

    This matter comes before the Court on Plaintiff's Renewed Motion for Entry of Default Judgment and Permanent Injunction against Defendant Tino Georgiou ("Georgiou"), also known as K.G. Glaub, (Doc. # 77), who was served and failed to appear in this action.  On November 27, 2009, an Entry of Default was entered by the Clerk of the Court.  Plaintiff seeks injunctive relief including an order compelling Defendant Georgiou to pay to Plaintiff Creel Defendant Georgiou's profits plus Plaintiff's costs and attorney fees allocable to Defendant Georgiou, as noted below.

    Having reviewed the record in this case the Court makes the following findings and enters this permanent injunction against Georgiou.

## I.  FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over Georgiou.

2. Venue as to Georgiou in the District of Colorado is proper.

3. The Second Amended Complaint states a claim upon which relief may be granted against Georgiou pursuant to 17 U.S.C. § 101 et seq.

4. Plaintiff filed a proof of service showing Georgiou was served a copy of the Second Amended Complaint and all schedules thereto on September 21, 2009.

5. Georgiou failed to file an Answer to the Second Amended Complaint, plead, or otherwise appear in this action

6. On November 23, 2009, plaintiff filed a Motion for Entry of Default, a copy of which Plaintiff certifies was mailed to Georgiou on the same date.

7. Georgiou has not opposed Plaintiff's Motion for Entry of Default.

8. On November 23, 2009, the Clerk of the Court entered default against Georgiou.

9. Georgiou has not moved to set aside the default

10. Because Georgiou has failed to appear there is no indication the default was due to excusable neglect.

11. There is nothing of record that shows Georgiou is an infant or incompetent.

12. On February 2, 2010, Plaintiff filed the at-issue Renewed Motion for Entry of Default Judgment and Permanent Injunction Against Tino Georgiou, aka, K.G. Glaub. (Doc. # 77.)

13. Among other things, the Second Amended Complaint alleges Georgiou had access to, copied, and authorized third parties to reproduce, all without Plaintiff's permission, Plaintiff's copyrighted literary work titled *Wildsong*, which is the subject of United States Copyright Office registration TX 4-428-458.

14. By means of the Second Amended Complaint plaintiff requests the Court to permanently enjoin and restrain Georgiou from infringing Plaintiff's copyright and other proprietary rights in *Wildsong*, in any manner, as well as to award plaintiff's costs in this action and attorney's fee in accordance with the provisions of 17 U.S.C. §505 as part of the costs.

15. The Court has reviewed the Second Amended Complaint, including schedules thereto, and finds all material facts concerning Georgiou appear to be adequately pleaded and that it sufficiently states a cause of action against Georgiou.

Based on the foregoing findings and for good cause shown, the Court ORDERS

(A.) That Georgiou and his agents, servants, employees, licensees, affiliates, and those persons in active concert or participation with Georgiou be permanently enjoined and restrained from infringing Plaintiff's copyright and other proprietary rights in plaintiff's work titled *Wildsong*, in any manner;

(B.) That pursuant to 17 U.S.C. §504, Georgiou pay Plaintiff Georgiou's profits attributable to the infringing work titled *The Fates* calculated to be in the amount of Eight Thousand Two Hundred Twenty-Nine & 60/1000 Dollars ($8,229.60).

(C.) That pursuant to 17 U.S.C. §505 Georgiou shall pay Plaintiff Nine Hundred Thirty Four & 87/100 Dollars ($934.87) as costs allocable to Georgiou in this action.

(E.) That pursuant to 17 U.S.C. §505 Georgiou shall pay Plaintiff Thirteen Hundred Seventy Four & 00/100 Dollars ($1,374.00) as attorney fees allocable to Georgiou in this action.

(F.) That this Court retain jurisdiction over construction, modification, and enforcement of as well as any matter pertaining to this judgment.

DATED: February  12 , 2010

                                            BY THE COURT:

                                            */s/ Christine M. Arguello*
                                            _____
                                            CHRISTINE M. ARGUELLO
                                            United States District Judge